UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: ENFORCEMENT OF A RESTRAINING ORDER BY THE NINTH FEDERAL COURT, FIFTH JUDICIAL SUBSECTION IN CAMPINAS, SP, THE FEDERATIVE REPUBLIC OF BRAZIL, TO RESTRAIN: <br><br> AN APPROXIMATELY 836-POUND EMERALD KNOW AS THE BAHIA EMERALD LOCATED IN LOS ANGELES, CALIFORNIA | ) ) ) ) ) ) ) 1:15-MC- 00783 ) ) ) ) |

## UNITED STATES RESPONSE TO MOTION TO INTERVENE

**COMES NOW** the United States of America, by and through its undersigned attorneys, and submits this response to the motion to intervene (hereinafter "the motion") filed on June 26, 2016, by the proposed-intervenors Kit Morrison, Todd Armstrong, Jerry Ferrara, Market Link, Inc., and FM Holdings, Inc. (hereinafter collectively the "Morrison Parties"). Although the United States does not oppose the Morrison Parties' right to intervene in the instant pending Section 2467 action, the Morrison Parties may raise claims and defenses only as permitted by the statute pursuant to which the restraint was ordered, namely, 28 U.S.C. § 2467.

Acting upon a Mutual Legal Assistance Treaty (the "MLAT") request by the Federative Republic of Brazil, the United States applied to this Court for the registration and enforcement of a restraining order issued by a Brazilian court against a U.S.-based asset, an approximately 836-pound emerald known as the "Bahia Emerald," alleged to be involved in criminal conduct in violation of Brazilian law. Docket No. 1. This Court granted a restraining order on June 25, 2015 to effect this request. Docket No. 2. On June 26, 2015, the Morrison Parties, moved to intervene in this matter. Docket No. 3.

The Morrison Parties argue that the United States did not provide them with notice of the

application nor an opportunity to oppose the application.  Docket No. *3*, at 3.  The United States' enforcement action pursuant to 28 U.S.C. §2467(d)(3), seeking a restraining order in this Court for the duration of the relevant Brazilian criminal proceedings, was filed under 18 U.S.C.§983(j)(1)(A), Docket No. 1 at 15, for which prior notice and an opportunity to be heard are not statutorily or constitutionally required.  *See* 18 U.S.C. §983(j)(1)(A); *See also, In re Restraint of All Assets Contained in or Formerly Contained in Certain Inv. Accounts at USB Financial Services, Inc*. 860 F. Supp. 2d 32, 39-40 (D.D.C. 2012).  (This Court held that the United States' motion to amend the restraining order was filed under 28 U.S.C. §2467 and 18 U.S.C. § 983(j)(1)(A), not §983(j)(1)(B), and as such, the interveners/claimants were not entitled to a pre-restraint notice and hearing).

This Section 2467 enforcement action is ancillary to foreign criminal forfeiture proceedings and this matter is not an independent U.S. forfeiture action.  Title 28, U.S.C. §§ 2467(d)(3)(A) and (B) describe the particular circumstances under which this Court may issue a restraining order for property subject to forfeiture or confiscation in a foreign country.  Section 2467(d)(3)(A)(ii)(I) requires that the U.S. restraining order be issued "consistent with subparagraphs (A), (C), and (E) of subparagraph [(d)](1) and the procedural due process protections for a restraining order under Section 983(j) of title 18."  Consequently, a U.S. court may ultimately deny enforcement of a foreign restraining order if it finds that the order was obtained without due process, issued by an authority that lacked subject matter jurisdiction, or was obtained by fraud.  Congress has thus provided limited grounds upon which a person with a protected property interest in U.S. property subject to forfeiture or confiscation abroad may challenge a Section 2467 enforcement action that the United States files on behalf of a foreign treaty partner.

In addition, Section 2467(d)(3)(C) clearly prevents any party with a protected property interest from challenging the forfeitability of property under foreign law in the ancillary U.S. proceeding. Section 2467(d)(3)(C) states as follows:

> **(C) Limit on grounds for objection.—** No person may object to a restraining order under subparagraph (A) on any ground that is *the subject of parallel litigation involving the same property that is pending in a foreign court.* 28 U.S.C. § 2467(d)(3)(C)(emphasis added).

The legislative history of Section 2467 makes the intent and purpose of this provision abundantly clear, namely, that any party seeking to challenge a U.S. Section 2467 restraint based upon issues that could have been raised in foreign forfeiture proceedings must first appear in the foreign action and do so there. *See* H.R. Report No. 107-250(I), at Sec. 118, Section by Section Analysis of the Legislation. The Congressional intent behind adding this provision is as follows:

> Specifically, a Federal court could issue a restraining order under 18 U.S.C. S 983(j) or register and enforce a foreign restraining order, if the Attorney General certified that such foreign order was obtained in accordance with the principles of due process. A person seeking to contest the restraining order could do so on the ground that 28 U.S.C. S 2467 was not properly applied to the particular case, but could not oppose the restraining order on any ground that could also be raised in the proceedings pending in a foreign court. This provision prevents a litigant from taking "two bites at the apple" by raising objections to the basis for the forfeiture in the Federal court that he also raised, or is entitled to raise, in the foreign court where the forfeiture action is pending. It complements the existing provision in section 2467(e) providing that the Federal court is bound by the findings of fact of the foreign court, and may not look behind such findings in determining whether to enter an order enforcing a foreign forfeiture judgment. *Id.*

The sufficiency of evidence to establish whether the Bahia Emerald is subject to forfeiture in Brazil or the issue of whether the Morrison Parties qualify as bona fide purchasers for value are factual and legal issues that should not be reviewed by this Court. *See* §2467(d)(3)(C). The Morrison Parties alleged in the motion that they are a bona fide purchasers, which goes to the merits of key issues of fact and foreign law underlying the success of the criminal forfeiture allegations pending in the Brazilian criminal court. Therefore, the bona fide purchaser issue should not be considered by the U.S. court under §2467(d)(3)(C), and is not

relevant to this enforcement proceeding until after such a mixed issue of fact and law is determined in the Brazilian proceedings, but only for issues of law recognized by Section 2467 as valid challenges to orders issued under that legal provision.  *United States v. Gang Luan*, 722 F.3d 388, 399 (D.C. Cir. 2013) ("if the Hong Kong restraining order is discharged, the U.S. restraining order must be discharged as well . . . . Luan has already been given the opportunity to challenge his restraint in an adversarial hearing [in Hong Kong] . . . . [T]he Hong Kong Court of First Instance notified Luan that he could request a hearing in which to argue that the restraining order against him should be discharged.)

The Morrison Parties fail to appreciate that the instant matter pending in this Court—the United States' Application to enforce the terms of a Brazilian restraining order (Docket No. 1)—is an ancillary enforcement proceeding filed to protect the Brazilian Court's jurisdiction over the Bahia Emerald by restraining and preserving the U.S. asset for the pending Brazilian criminal and forfeiture proceedings.  The instant matter, hence, is not an action in which the United States is seeking forfeiture of the Bahia Emerald in its own right under U.S. law.  For the reasons stated above, the United States does not oppose the Morrison Parties' standing and right to intervene. However, any claims or defenses raised by the Morrison Parities must be consistent with those provided for in the "Enforcement of foreign [forfeiture] judgment" statute, 28 U.S.C. § 2467, namely, those mentioned in subsection 2467 (d)(3)(A)(ii)(I).

Counsel for the United States conferred with the Counsel for the Morrison Parties in regards to the Briefing Schedule.  The parties agree that they will re-confer regarding the revised Briefing Schedule should this Court permit them to intervene and require a briefing on any issues they properly present under Section 2467.

M. KENDALL DAY, Chief
Asset Forfeiture and Money Laundering Section
Criminal Division
United States Department of Justice

By:  _____/s/_____
A.J. DE KLUIVER
Assistant Deputy Chief
jack.dekluiver@usdoj.gov
JENNIFER WALLIS
Trial Attorney
jennifer.wallis@usdoj.gov
U.S. Department of Justice
Criminal Division
Asset Forfeiture and Money Laundering Section
1400 New York Avenue, N.W., 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Applicant
UNITED STATES OF AMERICA