UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>ENFORCEMENT OF A<br>RESTRAINING ORDER BY THE<br>NINTH FEDERAL COURT, FIFTH<br>JUDICIAL SUBSECTION IN<br>CAMPINAS, SP, THE FEDERATIVE<br>REPUBLIC OF BRAZIL, TO<br>RESTRAIN:<br><br>AN APPROXIMATELY 836-POUND<br>EMERALD, KNOWN AS THE BAHIA<br>EMERALD, LOCATED IN LOS<br>ANGELES, CALIFORNIA. | Misc. Action No. 15-783 (RMC) |

## OPINION

Presented with a Mutual Legal Assistance Treaty (MLAT) request by the Federative Republic of Brazil, on June 19, 2015, the United States filed an Application to register and enforce an order of restraint issued by a Brazilian court in order to secure an 836-pound emerald known as the "Bahia Emerald." Brazil contends that the Bahia Emerald was illegally mined in Brazil and exported. Criminal proceedings are pending in Brazil against Elson Alves Ribeiro and Rui Saraivia Filho, who allegedly received the Bahia Emerald and smuggled it into the United States with a false customs declaration. On June 25, 2015, the Court granted the Application and issued a Restraining Order under 28 U.S.C. § 2467,[1] registering and enforcing

---

[1] Section § 2467(d)(3) of Title 28 provides that federal courts may issue orders to preserve property during the pendency of foreign forfeiture proceedings until receipt of an enforceable,

1

the Brazilian order of restraint to preserve the availability of the Bahia Emerald should it be subject to forfeiture in the Brazilian criminal proceedings against Messrs. Ribeiro and Filho.

On June 26, 2015, Kit Morrison, Todd Armstrong, Jerry Ferrara, Market Link, Inc., and FM Holdings, Inc. (Morrison Parties) moved to intervene. The Morrison Parties assert that they are good faith bona fide purchasers for value of the Bahia Emerald and that under the laws of the United States and Brazil they hold title to the gemstone, without regard to the circumstances of its mining and importation into the United States. To prove their legitimate ownership, the Morrison Parties filed a sealed notice of material information from another proceeding combined with a motion for judicial notice. *See* Sealed Notice & Mot. [Dkt. 17]. While the Government did not object to intervention, it avers that it has merely fulfilled its treaty obligations as required by statute and that if the Morrison Parties want to contest ownership of the Bahia Emerald, they must do that in Brazil and not in this MLAT proceeding. The Court granted the motion to intervene reserving the issue of the scope of such intervention. *See* Minute Order 4/13/2016.

Now turning to the scope of the intervention, the Court finds that the Morrison Parties are limited to claims and defenses permitted by 28 U.S.C. § 2467. Questions regarding the ownership of the Bahia Emerald are outside the parameters of this MLAT proceeding. Further, the Morrison Parties' request for judicial notice will be denied, as the documents for which they seek notice relate to ownership of the Bahia Emerald and are not relevant to this MLAT litigation.

---

final foreign forfeiture or confiscation judgment. A court may deny enforcement of a foreign restraining order if it finds that the order was obtained without due process, was issued by a foreign court that lacked subject matter jurisdiction, or was obtained by fraud. *See* 28 U.S.C. §§ 2467(d)(1) & (d)(3)(A).

2

## I. BACKGROUND

The MLAT under which the restraining order was issued was the second MLAT request sent by Brazil to the United States. The first was filed under seal in this district to obtain evidence for use in foreign criminal proceedings pursuant to 18 U.S.C. § 3512, two months before this matter was filed. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In fulfilling its treaty obligations in that matter, the United States obtained court appointment of a commissioner to collect evidence in aid of a criminal investigation and prosecution being conducted by the Federal Prosecution Service of Brazil.

The first MLAT request asked the United States to assist in obtaining deposition testimony from a number of individuals including Messrs. Morrison, Armstrong, and Ferrara regarding their knowledge of the background and circumstances of the Bahia Emerald and its presence in the United States. Upon the agreement of all parties, counsel from Mayer Brown, representing the government of Brazil, conducted the questioning of these three men on September 15 and 16, 2015, all of whom voluntarily appeared. Because their depositions could be used in a criminal trial in Brazil, those transcripts are under seal. *See* Sealed Notice & Mot. [Dkt. 17], Ex. D (Order sealing Ex Parte Application for Appointment of Commissioner and all supporting documents); Ex. C (Notice of Sealed Deposition).

The Morrison Parties ask this Court to take judicial notice of the deposition transcripts from the first MLAT proceeding and make them part of this record. They urge the Court to review the depositions so that the Court can be persuaded that they are good faith bona fide purchasers for value of the Bahia Emerald. The law of the United States and Brazil are similar in effect so that a good faith bona fide purchaser for value, with no knowledge of an

3

object's theft, has a legitimate claim to ownership. *See* Sealed Notice & Mot., Ex. E (Decl. of Carlos Augusto Derraik) at 4 (attorney licensed in Brazil opines that the doctrine of good faith acquisition gives the property to the purchaser under Brazilian Criminal Code, item II of Art. 91 of Decree-Law 2,848 (Dec. 7, 1940)); *United States v. Harris*, 246 F.3d 566, 574 (6th Cir. 2001) (the rights of bona fide purchasers apply in forfeiture proceedings); *Johnson & Johnson Prods., Inc. v. Dal Int'l Trading Co.*, 798 F.2d 100, 104 (3d Cir. 1986) (the good faith purchaser doctrine has been codified at §§ 2-102 & 2-403 of the Uniform Commercial Code).

The Morrison Parties also ask this Court to take judicial notice of a June 2015 Order and a March 2015 oral ruling, both by the Superior Court in Los Angeles, California, in *Conetto v. Morrison*, Case No. BS 118649. *See* Mot. for Jud. Notice, Ex. A (Tr. of Superior Ct. Hrg. 3/30/15); Ex. B (Superior Court Order June 23, 2015). The Morrison Parties interpret the California Superior Court rulings as having determined that they have superior title to the Bahia Emerald.

## II. ANALYSIS

Federal Rule of Evidence 201 provides that a court may judicially notice a fact that is not subject to "reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of facts contained in public records of other proceedings, *see Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007); *Covad Commc'ns Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005), and of historical, political, or statistical facts, and any other facts that are verifiable with certainty, *see Mintz v. FDIC*, 729 F. Supp. 2d 276, 278 n.5 (D.D.C. 2010). Nevertheless, the matters to be noticed must be relevant and it is within the discretion of

Case 1:15-mc-00783-RMC Document 25 *SEALED* Filed 05/24/16 Page 5 of 8
Case 1:15-mc-00783-RMC Document 20 *SEALED* Filed 04/29/16 Page 5 of 8

the court to deny a party's motion for judicial notice. *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011).

The Court will deny the motion for judicial notice because the documents that are the subject of the motion for judicial notice are not relevant to this MLAT proceeding. The documents deal with the issue of ownership of the Bahia Emerald, an issue that is not before this Court.

### A. California Superior Court Transcript and Order

An understanding of the proceedings before the California court is required. The Morrison Parties' characterization of the import of those proceedings is overbroad and inaccurate. They assert that Brazil "attempted to intervene" in the California case, that the Superior Court "rejected" Brazil's forfeiture argument, and that the Superior Court awarded the Bahia Emerald to the Morrison Parties. *See* Sealed Notice & Mot. at 4. In fact, Brazil did not move to intervene in the California case, but instead filed a motion to dismiss or stay the case. The Superior Court heard argument but denied the motion. *See* Tr. of Superior Ct. Hrg. 3/30/15. In arguing before the Superior Court, Brazil did not argue that it held superior title to the Emerald, by forfeiture or otherwise.[2] Instead, Brazil contended that it was an indispensable party without whom the case could not proceed, citing *Republic of Philippines v. Pimental*, 553 U.S. 851, 864-73 (2008). In *Pimental*, the Supreme Court found that the Philippines was an indispensable party to the suit and because it was entitled to sovereign immunity, the suit could not be allowed to proceed without its presence. *See id.* at 864-73. Like the Philippines in

---

[2] Brazil asserts rights to the Bahia Emerald under at least two theories: (1) as sovereign, Brazil owns all minerals in Brazil and the illegal mining and exportation of the Emerald was invalid *ab initio*; and (2) it has the conditional right to obtain the Emerald under the criminal forfeiture law of Brazil. *See* Sealed Opp'n [18] at 4 n.2.

5

*Pimental*, Brazil was entitled to sovereign immunity and could not be joined as a party; because it could not be compelled to join the suit, Brazil argued that the case should be dismissed. *See* Tr. of Superior Ct. Hrg. 3/30/15 at 3-7, 25-26.

The Morrison Parties sought to distinguish *Pimental*, insisting that there were "alternative remedies available to Brazil" in federal court. *See id.* at 14. They argued that Brazil "can repatriate or attempt to repatriate [the Bahia Emerald] at any time," *id.* at 16, and, "[t]here's nothing we're going to do in this proceeding that's going to prevent [Brazil] from still being able to try get [its] asset," *id.* at 17. Having taken that position in California, the Morrison Parties are ill-behooved to argue here that the decision of the California Superior Court is somehow determinative. Nevertheless, they do. They claim that they are the rightful owners of the Bahia Emerald, and they insist Brazil "is trying to make an unfair and unlawful end-run around the inconvenient reality that the only court to examine the matter found that the Morrison Parties – not Brazil or any other person in the chain of title – are the sole lawful owners of the Emerald." Sealed Notice & Mot. at 12.

This is hyperbole. In truth, the Superior Court denied Brazil's motion to dismiss or stay, *see* Tr. of Superior Ct. Hrg. 3/30/15 at 32-37, and Brazil did not further participate in the California case. After a trial, the Superior Court determined the rights to the Bahia Diamond among the parties before it and awarded the Emerald to the Morrison Parties. *See* Superior Court Order June 23, 2015. Since Brazil was not before the Superior Court, that court could not have adjudicated Brazil's right to the Bahia Emerald. The Superior Court made it very clear that it was not ruling on Brazil's claim to ownership of the Emerald, but only sorting out superior title among the various U.S. claimants. *See* Tr. of Superior Ct. Hrg. 3/30/15 at 33 ("I want to make it clear I'm not ruling on the merits of Brazil's claim of ownership.") Similarly, this Court cannot

6

adjudicate Brazil's claim of ownership because Brazil, a foreign sovereign, is not a party here. Further, because the Superior Court transcript and order relate to legal title to the Bahia Emerald, a matter that is not before this Court, the Court will not take judicial notice of those documents. *See Whiting*, 637 F.3d at 364 (matters to be noticed must be relevant).

### B. Depositions Taken in First MLAT Proceeding

The Government also opposes the Morrison Parties' request for judicial notice of the depositions taken pursuant to the first MLAT. The Government argues that the depositions are "statements obtained for use in foreign criminal investigations and proceedings pursuant to 18 U.S.C. 3512 and [the depositions] were not intended to be used as testimony in any adversary U.S. proceeding." Sealed Opp'n [Dkt. 18] at 3 n.1. Further, the Government argues:

> Had the United States known of the Morrison Parties['] intent to subvert the Section 3512 process into a means for submitting "uncontroverted" facts into a related, but separate, Section 2467 proceeding, the United States would have vigorously cross-examined the witnesses on their self-serving statements that they are bona fide purchases for value.

*Id.*

The obligation of the United States to respond to requests for assistance that comply with its Mutual Legal Assistance Treaties is critical to the foreign relations of this country and to its ability to obtain assistance from other Treaty signatories when foreign assistance is needed. The MLAT with Brazil represents an intersection of both law and foreign policy. It allows the interests of a foreign sovereign to be presented (and protected) in a U.S. court by the Department of Justice. The first MLAT proceeding was for the purpose of gathering evidence to be used in the criminal proceedings in Brazil and the testimony obtained was not intended for any other purpose.

7

The testimonies of the Morrison Parties, taken for other purposes, do not expand the present matter. This case is an MLAT proceeding under 28 U.S.C. § 2467, and the Court will not adjudicate the question of ownership of the Bahia Emerald. Therefore, the Morrison Parties can intervene but they may only raise claims and defenses permitted under § 2467. Because the depositions taken in the first MLAT proceeding are not relevant to the Restraining Order issued under § 2467 in this second MLAT proceeding, the Court will deny the Morrison Parties' request for judicial notice of the depositions. *See Whiting*, 637 F.3d at 364.

### III. CONCLUSION

For the foregoing reasons, the scope of intervention by the Morrison Parties is limited to claims and defenses permitted under 28 U.S.C. § 2467. The Court will not adjudicate claims regarding the ownership of the Bahia Emerald, as such claims are outside the purview of this MLAT proceeding. Further, the motion for judicial notice filed by the Morrison Parties [Dkt. 17] will be denied. The Morrison Parties and the Government shall meet and confer and, if the Morrison Parties seek to litigate the propriety of the Restraining Order under § 2467, the parties shall file a joint proposed briefing schedule. A memorializing Order accompanies this Sealed Opinion.

Date: April 29, 2016                                /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge