UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: ENFORCEMENT OF A RESTRAINING ORDER BY THE NINTH FEDERAL COURT, FIFTH JUDICIAL SUBSECTION IN CAMPINAS, SP, THE FEDERATIVE REPUBLIC OF BRAZIL, TO RESTRAIN:<br><br>AN APPROXIMATELY 836-POUND EMERALD KNOWN AS THE BAHIA EMERALD LOCATED IN LOS ANGELES, CALIFORNIA | Case No.: 1:15-mc-00783-RMC |

## EIGHTH JOINT STATUS REPORT

Pursuant to the Court's Order dated October 10, 2018, Intervenors Kit Morrison, Todd Armstrong, Jerry Ferrara, Market Link, Inc., and FM Holdings, Inc. and Applicant the United States of America file this Eighth Joint Status Report to inform the Court of the progress of related proceedings in Brazil. The parties jointly request that this case continue to be stayed and that the restraining order continues to remain in place.

## BACKGROUND

This matter concerns a valuable emerald, the "Bahia Emerald," that was mined in Brazil by Brazilian nationals and later exported to the United States. Intervenors contend that the Bahia Emerald was sold and eventually legitimately purchased by Intervenors. The United States, on behalf of the government of Brazil, obtained a restraining order from this Court against the Bahia Emerald to preserve its availability for forfeiture in Brazil.

The Government of Brazil contended (and continues to contend) that the Bahia Emerald was illegally mined and imported into the United States, and therefore initiated court proceedings

and issued a restraining order against the Bahia Emerald. Neither the Government of Brazil nor the United States alleges that Intervenors have done anything illegal. [1]

On June 16, 2015, pursuant to a Mutual Legal Assistance Treaty ("MLAT") between the United States and Brazil, the U.S. Government petitioned the Court to issue a restraining order to enforce a Brazilian restraining order. *See* 28 U.S.C. § 2467(d)(3) and 18 U.S.C. § 983(j)(1). On June 25, 2015, the Court issued the requested Restraining Order. (Dkt. 2). On September 26, 2017, the Court stayed the case at the request of the parties to permit the parties to continue discussions for the mutually amicable disposition of the Bahia Emerald and to allow the Intervenors to intervene or otherwise participate in the Brazilian proceedings regarding the Bahia Emerald, including in the forfeiture proceedings that are part of the criminal case against the Brazilian nationals.

On June 5, 2019, the United States shared with Intervenors an order published on March 26, 2019 by the Brazilian Appellate Court that was transmitted to the United States through the MLAT with the Government of Brazil. The March 26, 2019, order affirmed a forfeiture order against the Bahia Emerald by a Brazilian trial court.

## STATUS REPORT

Intervenors and the United States agree that the Court should continue to stay this case. Intervenors' local counsel in Brazil continues to contest the March 26, 2019, Brazilian Appellate Court order affirming the forfeiture order against the Bahia Emerald. On October 1, 2019,

---

[1] Intervenors have advised Brazilian authorities that there was a private lawsuit between sellers and buyers in the United States before a state court in California, and that Intervenors interpret the Los Angeles Superior Court as having declared the Intervenors the Bahia Emerald's bona fide third-party purchasers. The United States notes that neither the Government of Brazil nor the United States were parties to this California state court litigation, and further rejects (as does the Government of Brazil) the legal effect of any rulings by the California state court in California on Brazil.

Intervenors' local counsel filed a Writ of Mandamus arguing that: (1) under Brazilian law, forfeiture is not applicable to bona fide purchasers; (2) Intervenors undisputedly are bona fide good faith purchasers for value; and (3) the criminal conviction should have been precluded by the relevant statute of limitations. Counsel for the Intervenors are waiting to for decisions regarding these filings from the Brazilian courts.

Intervenors also maintain their view that, under Brazilian law, any forfeiture-related ownership dispute must be resolved in separate civil proceedings. Additionally, Intervenors remain committed to pursuing options to resolve the case through transfers of interest in the property and are actively pursuing business contacts interested in acquiring such a property interest.

On September 4, 2019, DOJ Criminal Division's Office of International Affairs provided an update from Brazilian authorities that on July 25, 2019, the Brazilian Federal Regional Court of the Third Region, decided the last motion filed in this appeal regarding the two defendants' sentencing on grounds not relevant to forfeiture. On January 22, 2020, the government of Brazil, via the MLAT channel, transmitted to DOJ Criminal Division's Office of International Affairs a joint status report prepared by Brazil's Attorney General's Office and the Federal Prosecution Service (the "Brazilian report"). As stated in the Brazilian report, on September 30, 2019, both criminal defendants filed a Special Appeal with the Brazilian Superior Court of Justice. The Special Appeal under Brazilian law does not allow a review of the fact-finding made by the lower courts. The Brazilian report further advised that on January 7, 2020, the Special Appeal was deemed inadmissible by the Regional Federal Court for the 3rd Region, thereby barring the court's referral for a further appeal to the Superior Court of Justice.

On February 6, 2020, the Brazilian authorities further advised the United States that in the absence of any challenges to the January 7, 2020 ruling, on February 4, 2020, the Brazilian Regional Federal Court for the 3rd Region certified the criminal sentencing which is now final. As such, the previous Brazilian trial court's forfeiture order against the Bahia Emerald, which was affirmed by the appellate court, the Brazilian Regional Federal Court for the 3rd Region on March 26, 2019, is final and non-appealable.  Additionally, in early May 2020 the Brazilian authorities advised they are in the process of preparing an MLAT request package to the Department of Justice to enforce the final and non-appealable forfeiture judgment to forfeit and then repatriate the Bahia Emerald back to Brazil.

The Brazilian Supreme Court, however, recently issued a favorable decision regarding portions of Intervenors' Writ of Mandamus; the remainder of the Writ is still pending before the Court. Therefore, this matter is not final in Brazil.

Accordingly, Intervenors and the United States believe that this case should remain stayed; that the Court's restraining order should remain in force; and that, therefore, the Bahia Emerald should remain in the custody of the Los Angeles County Sheriff's Department pending Brazil's presentation of a MLAT request for enforcement the final non-appealable forfeiture judgement.

-5-

Dated: June 8, 2020				Respectfully submitted,

						By: *s/ Barak Cohen*
						    Barak Cohen, Bar No. 485945
						    Perkins Coie LLP
						    700 Thirteenth Street, N.W., Suite 600
						    Washington, D.C. 20005-3960
						    Telephone: (202) 654-6337
						    Facsimile: (202) 654-6211
						    BCohen@perkinscoie.com

						    T. Markus Funk, Bar No. 1004922

						    Andrew J. Spielberger
						    (admitted pro hac vice)

						    *Counsel for the Morrison Parties*


						DEBORAH CONNOR, CHIEF
						MONEY LAUNDERING AND
						ASSET RECOVERY SECTION

						By: /s/ *Jennifer Wallis*
						Jennifer Wallis
						Trial Attorney
						Money Laundering and Asset Recovery Section
						United States Department of Justice
						1400 New York Avenue, NW
						Washington, DC  20005
						Telephone:	(202) 514-1263
						Email: Jennifer.Wallis@usdoj.gov